[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by the plaintiff wife seeking a dissolution of the marriage on the grounds of irretrievable breakdown. The plaintiff seeks custody of and support for the minor child, alimony, and an equitable distribution of the parties' assets. The plaintiff also asks to resume her birth name, Debra L. Green.
In his answer and cross-complaint, the defendant admits the allegations of the plaintiff's complaint and seeks a dissolution of the marriage, joint custody of the minor child, exclusive possession of the marital home, an equitable distribution of the marital assets of the parties, and other equitable relief. The CT Page 6579 parties have submitted a written stipulation as to certain facts and agreements. The court also takes judicial notice of the prior proceedings in this case contained within the court files.
This case was tried over a two-day period on March 26-27, 1998. The court heard testimony from four witnesses: Debra Cowart, Thomas Cowart, Jeff Cowart and Kathleen Chandler. Several documents were introduced into evidence and both parties submitted financial affidavits and proposed orders. After carefully considering all of the evidence, as well as weighing and assessing the credibility of the witnesses, the court finds the following to have been proven.
The parties were married on June 4, 1977 in Coventry, Connecticut. Both parties have resided continuously in Connecticut for more than one year prior to the filing of the complaint and cross-complaint in this matter. All statutory stays have expired, and the court finds that it has jurisdiction over the parties and the marriage.
There were two children born of this marriage. Evie M. Cowart was born on June 17, 1980. She died on December 22, 1995. Jeff L. Cowart was born on December 28, 1981. Jeff is currently 16 years of age. Both parties have completed a parenting education program. The plaintiff has been the recipient of public assistance from the State of Connecticut, and the Attorney General has filed an appearance in this action on behalf of the State of Connecticut. The court finds that all of the allegations of the complaint have been proven and that the marriage has broken down irretrievably.
The plaintiff wife is 42 years of age (B. 8-22-55). She has suffered for most of her life from bipolar disorder for which she is taking prescribed medication. Her work history is extremely limited consisting for the most part of short term part time jobs, primarily due to her medical condition. She currently is not employed. She has been receiving financial assistance from the State of Connecticut as well as Social Security Disability Income.
The defendant husband is 40 years of age (B. 5-11-57) and is in apparent good health. He has been gainfully employed for several employers throughout the marriage, usually as a warehouse laborer. He is currently employed with Manpower, Inc. where he earns $7.00 per hour. He does not receive medical benefits from CT Page 6580 his employer but anticipates becoming eligible for health benefits in the near future.
The plaintiff and the defendant met in 1976 and were married in 1977. Within six months of the marriage the parties began to experience marital stress, mostly as the result of financial difficulties. This became a theme throughout the marriage. The defendant frequently changed jobs and often left one place of employment without having another job lined up. His explanation was that he wanted to do better. The plaintiff obtained several part time jobs which lasted from two to approximately six months each. It is likely that the reason why she was unable to maintain employment was due to her medical condition. Consequently, she was not able to financially contribute to the marriage
Two children were born of this marriage: Evie, was born in 1980, and Jeff was born in 1981. The family moved to Springfield, Massachusetts in 1981 where they purchased a house after the defendant obtained employment with the General Electric Company. He remained with GE for approximately eight years. They subsequently sold the house in Springfield and bought another house in Munson, Massachusetts.
In 1989 the parties sold the house in Munson, Massachusetts and moved to the State of Georgia. The reasons given for this move were for the health of the plaintiff and because the defendant was being offered another job. Although the defendant's anticipated job fell through, he did obtain full time employment in Georgia. The parties purchased a house in Bacula, Georgia which they still own. The parties have stipulated that the current fair market value of that house is $80,000 with a current mortgage of $39,200.
The parties returned to live in Connecticut in 1992 after the plaintiff learned that her father had a terminal disease. The defendant subsequently obtained full time employment with the Standard Register Company. He left that job voluntarily in August 1997 and currently works for Manpower, Inc.
The plaintiff has alleged physical abuse by the defendant beginning in about 1981 and continuing periodically until 1994. The defendant has denied this claim. The court finds neither party to be completely credible as to this matter. The court finds that there was verbal abuse initiated by both parties at different times during the marriage as well as instances of CT Page 6581 physical abuse initiated by the defendant.
In 1994 the parties separated and the defendant left the marital home. He currently resides with his father. The plaintiff filed for divorce in May 1995. On December 22, 1995, the minor child, Evie, was killed in an automobile accident. Subsequently, the plaintiff and her son, Jeff, moved to Manchester, Connecticut where, for at least the past three years, the plaintiff has been cohabitating with her boyfriend, Greg Beresa, in a house owned by Mr. Beresa and his brother.[1] The plaintiff claims to be paying some of the expenses of the house but clearly is being financially assisted by Mr. Beresa. The plaintiff has not been employed at all over at least the past two years.
As a consequence of the death of Evie Cowart, a wrongful death action was commenced and thereafter settled in an amount of approximately $490,000. The money from that settlement is being held in escrow pending a final accounting, settlement and distribution of the child's estate by the Probate Court. The State of Connecticut has submitted a claim against the estate seeking to recover funds expended on behalf of the child prior to her death. If the child died intestate, and has left no children of her own, the statutes require the Probate Court to distribute the net amount of the estate to the surviving parents, Debra and Thomas Cowart. It is the distribution of that substantial sum of money that is at the heart of this action.
There is no single cause for the demise of this twenty-year marriage. Blame cannot solely be laid at the feet of either party. Both parties, and their circumstances, have contributed to the resulting irretrievable breakdown. The fact of the matter remains, however, that the plaintiff wife is left in a much more precarious financial situation than the defendant husband. She has no work history, suffers from a debilitating medical condition, and is receiving social security disability benefits.
At age 40, and in apparent good health, the defendant is certainly employable. However, given his work history and employment skills it is likely that his annual income will remain modest. The defendant was most recently employed with Standard Register Co. from 1994 until August 1997 when he voluntarily left that job. A financial affidavit dated April 8, 1996 indicated that his gross income from Standard Register to be $557 per week. A subsequent financial affidavit submitted to the court by the defendant dated January 24, 1997 indicated that his income had CT Page 6582 dropped to $362 per week. His most current financial affidavit dated March 26, 1998 indicates a gross income of only $301 per week. He is currently earning $7.00 per hour with Manpower, Inc. After considering the entire record, the court finds that the defendant's earning potential is significantly greater than his current income.
It is clear that the defendant has not been faithful in paying pendente lite child support as ordered by the court. On August 12, 1996 the court (Bishop, J.) found the child support arrearage to be $8160.00. The State of Connecticut alleges that as of the date of trial the defendant paid a total of $1400.00 for child support and that he was in arrears in the amount of $10,760.00. The defendant claims that he has paid the plaintiff at least $2425.00 for child support.
During the trial, the defendant provided 17 receipts for money orders which he alleges represent direct payments made to the plaintiff. (Defense exhibit F) All of the receipts are dated between April and September 1996. Six of the receipts do not show the name of a payee and one receipt has the name Debra Cowart written in ink. The other ten receipts appear to be carbon copies of bank money orders and are payable to Debra Cowart; however, no evidence was presented that any of these money orders were ever cashed by Debra Cowart. After weighing the evidence presented and assessing the credibility of the witnesses, the court finds that the defendant paid a total of $1400 in court ordered child support and that he was in arrears in the amount of $10,760.00 as of the date of trial.
The parties have agreed on the record, and the court finds, that the total amount disbursed by the State of Connecticut as financial assistance for Debra Cowart and the her two minor children was $21011.47. Of this amount $3621.41 was paid directly to Debra Cowart and $17,390.00 was paid to Debra Cowart for the benefit of the minor children.
Taking into consideration all of the criteria and factors set forth in § 46b-81, § 46b-82, and § 46b-8, and applying those to the evidence, including the defendant's earning capacity, the court enters the following orders:
1. A degree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown, all the allegations of the complaint and counter-complaint having been proven. CT Page 6583
2. The parties shall share joint custody of the minor child, Jeff Cowart. The principal residence of said child shall be with the plaintiff mother. The defendant father shall have reasonable rights of visitation.
3. The defendant shall make child support payments to the plaintiff for the minor child, Jeff, in the amount of $75.00 per week until said child reaches 18 years of age. However, if upon reaching the age of 18 years, the child remains a full time high school student the defendant shall continue to make child support payments until either the child reaches the age of 19 years or leaves high school, whichever occurs first. If the child remains in high school upon reaching the age of 18 the plaintiff shall provide the defendant with the child's report cards, as they are issued, proving that the child remains a student. The child support payments shall be made through an order of wage execution.
The court recognizes that given the defendant's current income the order for child support exceeds that recommended in the Child Support Guidelines. However, considering the defendant's actual earning capacity, as well as the best interest of the child, the court finds the deviation to be reasonable and equitable.
4. Each party shall provide health insurance for the minor child if available through their employer for as long as there is a child support obligation. The parties shall equally share any medical or dental expenses incurred by the child that are not covered by insurance. The provisions of § 46b-84 shall be applicable.
5. Each party shall purchase a life insurance policy in the amount of $35,000.00 naming Jeff Cowart as beneficiary. These life insurance policies shall be maintained for so long as there is a child support obligation.
6. The defendant shall be entitled to claim the child as a dependant for the purpose of filing state and federal income taxes, provided all child support and alimony payments are current for that tax year in which the child is being claimed. The parties shall cooperate in filing state and federal tax returns through and including 1998. The parties shall share equally any refunds from said tax returns. The parties shall CT Page 6584 exchange federal tax returns for the tax years of 1997, 1998 and 1999. Said exchange of tax returns is to be accomplished by April 15 of the year the tax return is due.
7. The defendant shall pay to the plaintiff periodic alimony in the amount of $25.00 per week for so long as he is obligated to make support payments pursuant to #3 supra. Upon the expiration of his child support obligation the defendant shall pay periodic alimony to the plaintiff in the amount of $50.00 per week. Alimony payments shall terminate upon the remarriage of the plaintiff or the death of either party. The alimony is to be paid by check or money order and shall be mailed to the plaintiff's residence every Friday.
8. Title to the property located at 562 Harbins Road, Bacula, Georgia shall remain vested in both parties. The parties shall jointly be responsible for all expenses in connection with said real estate including, but not limited to, maintenance, taxes, and the existing mortgage on the property. The parties shall share equally in any net income derived from the rental of said property, if any. The parties shall place the property the market to be sold for its fair market value within 60 days of this decision. The plaintiff and defendant shall cooperate in the marketing and sale of this property. The net proceeds of the sale of the property shall be divided equally between the parties after payment of the mortgage, attorney's fees, and customary closing costs. The court shall retain jurisdiction over this property in the event of a disagreement between the parties in implementing this order.
9. The plaintiff's personal property in her possession shall remain her property free of any claims by the defendant. The defendant's personal property in his possession shall remain his property free of any claims by the plaintiff. The parties shall cooperate in the division of any other items of personalty not previously agreed upon.
10. All of the liabilities set forth on the plaintiff's financial affidavit Schedule A, dated March 26, 1998, shall be the obligation of the plaintiff and she shall hold the defendant harmless from any liability thereon.
11. All of the liabilities set forth on the defendant's financial affidavit Schedule A, dated March 26, 1998, shall be the obligation of the defendant and he shall hold the plaintiff CT Page 6585 harmless from any liability thereon.
12. Distribution of funds to the plaintiff and the defendantfrom the estate of Evie Cowart.[2]
All funds ordered distributed by the Probate Court to Thomas Cowart and Debra Cowart from the net assets of the estate of their daughter, Evie Cowart, are marital assets and are ordered to be distributed as follows:
I. The plaintiff, Debra Cowart, shall reimburse the State of Connecticut the sum of $3,621.41 for funds provided by the State for her assistance.
II. The parties shall reimburse the State of Connecticut the sum of $15,990.00 which the court finds to be the amount owed to the State of Connecticut by Thomas Cowart and Debra Cowart for child assistance payments paid by the State on behalf of their minor children as of the date of trial. Of this amount:
(A). The defendant, Thomas Cowart, shall reimburse the State of Connecticut the sum of $10,760.00 for unpaid child support pursuant to pendente lite orders of the court.
(B). The plaintiff mother and the defendant father shall equally share in reimbursing the State of Connecticut the balance of $5,230.00.
III. Of the remainder:
70% is to be given to the plaintiff, Debra Cowart
30% is to be given to the defendant, Thomas Cowart
This distribution or subsequent depletion of these assets shall not constitute a material change in circumstances with respect to the above orders concerning child support or alimony.
13. Each party shall be responsible for their own attorney's fees.
14. The plaintiffs' birth name is restored.
15. Plaintiffs' counsel shall prepare and submit a judgement file within thirty days of this decision and both counsel shall sign CT Page 6586 the judgement file.
Terence A. Sullivan, J. Superior Court Judge
[1] Following a pendente lite hearing in 1996, at which Mr. Beresa testified, the court (Zarella, J.) found that the plaintiff had been cohabitating with Mr. Beresa for two years.
[2] At the request of both parties, the court previously authorized the disbursement of $10,000 to the plaintiff and $10,000 to the defendant for immediate living expenses.